UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRIN LEE BLOUNT,<br><br>        Petitioner,<br><br>    v.<br><br>DAVID DAVEY, Warden,<br><br>        Respondent. | No.  1:16-cv-01653-DAD-SKO  HC<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS AND GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>**(Docs. 11 and 12)** |

Petitioner Tyrin Lee Blount is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss for failure to exhaust, and Petitioner moves for an order of stay and abeyance to permit him to exhaust his unexhausted claims in state court.  In accordance with the policy expressed in *Rhines v. Weber*, 544 U.S. 269, 275 (2005), the Court denies the motion to dismiss and enters an order of stay and abeyance.

**I.**     **Procedural and Factual Background**

Petitioner is serving a 17-year sentence following his conviction in Kern County Superior Court on charges of burglary (Cal. Penal Code § 460(a) and (b)) and participating in felony street gang activity (Cal. Penal Code § 186.22(a)).  Petitioner and his co-defendants filed a direct appeal to the California Court of Appeal, which affirmed the judgment of conviction in a modified opinion dated June 18, 2015.  Issues addressed by the appellate court were: (1) admission of impermissibly suggestive show-up identification by the burglary victims; (2) failure to exclude admissions of gang membership at booking by Petitioner and his co-defendants under *Miranda*[1];

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

1

(3) failure to exclude admissions of gang membership at booking as (a) involuntary, (b) under the principle of use immunity, and (c) under the doctrine of estoppel; (4) improper *ex parte* contact with jurors during a readback request; (5) trial court's error in refusing to accept or to require the prosecution to accept the defendants' proposed stipulation concerning the Country Boy Crips; (6) insufficient evidence that the Watts/Lotus Country Boy Crips, the gang to which Petitioner belonged, was a criminal street gang under Cal. Penal Code § 186.22; and (7) failure to suppress co-defendant Randles' admission of gang membership. *See People v. Blount*, 2015 WL 3814496 at *1 (Cal. App. June 18, 2015) (Nos. F066744 and F067069).

On July 23, 2015, Petitioner filed a petition for review by the California Supreme Court alleging a single claim: whether the trial court erred in admitting impermissibly suggestive show-up identification by the burglary victims. The Supreme Court denied review on September 23, 2015.

Petitioner filed a petition for writ of habeas corpus in Kern County Superior Court on February 5, 2016. His only claim alleged that insufficient evidence supported the conviction of first degree residential burglary. The Superior Court denied the claim on June 3, 2016. Petitioner then repeated the claim in a petition for writ of habeas corpus filed in the California Court of Appeal on June 21, 2016. The Court of Appeal summarily denied the petition on July 21, 2016. The record does not include a habeas petition filed with the California Court of Appeal.

Petitioner filed a petition for writ of habeas corpus in this Court on November 2, 2016. Petitioner alleged the following grounds for relief: (1) admission of impermissibly suggestive show-up identification by the burglary victims; (2) failure to exclude admissions of gang membership at booking by petitioner and his co-defendants under *Miranda*; (3) Petitioner's statements to police, made shortly after his booking, were involuntary as the result of a promise of leniency; (4) improper *ex parte* contact with jurors during readback request; (5) trial court's

error in refusing to accept or to require the prosecution to accept the defendants' proposed stipulation concerning the Country Boy Crips; and (6) insufficient evidence that the Watts/Lotus Country Boy Crips, the gang to which Petitioner belonged, was a criminal street gang under Cal. Penal Code § 186.22.  On January 6, 2017, Respondent moved to dismiss the petition on the ground that it included unexhausted claims.  On January 23, 2017, Petitioner moved for an order of stay and abeyance to permit exhaustion of those claims.  Respondent filed an opposition to the motion for stay on February 10, 2017.

## II.     **Exhaustion of State Remedies**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

Petitioner concedes that he has exhausted only the first claim in his federal petition: whether the trial court erred in admitting impermissibly suggestive show-up identification by the burglary victims.  Because the five remaining grounds for collateral relief are unexhausted, the

Court is generally required to dismiss the petition as a mixed petition. 28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22.

### III. Motion for Stay and Abeyance to Permit Exhaustion

In response to dismissal motion, Petitioner moved for an order of stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269, 275 (2005), so that he can present the unexhausted claims to the California Supreme Court. Respondent opposes the stay motion, contending that Petitioner has failed to demonstrate good cause for the issuance of a stay.

Federal district courts should stay mixed petitions only in limited circumstances. *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. *Id.* at 277-78. Support for these requirements in Petitioner's case is weak.

Petitioner contends that his lack of familiarity with applicable law and limited access to the prison law library constitute good cause. In that regard, Petitioner's situation is no different than that of most other inmates. *Rhines* does not define what constitutes good cause for failure to exhaust, however, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less stringent than an "extraordinary circumstances" standard. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). If the claims are not "plainly meritless," and if the delays are not intentional or attributable to abusive tactics, the *Rhines* court opined that a district court would abuse its discretion in denying a stay. 544 U.S. at 278.

Nothing in the record suggests that Petitioner has intentionally or maliciously failed to pursue his potentially meritorious claims. Accordingly, the Court will grant stay and abeyance under *Rhines*.

///

### IV. Conclusion and Order

The Court hereby ORDERS:

1. The Court GRANTS Petitioner's motion for stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269, 275 (1995), to permit exhaustion of the five unexhausted claims (grounds two through six) set forth in his petition for writ of habeas corpus.

2. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of this Order advising the Court of the status of the state court proceedings.

3. Petitioner shall file an additional status report every ninety (90) days thereafter.

4. Within thirty (30) days after the California Supreme Court issues a final order resolving the unexhausted claims, Petitioner shall file a motion to lift the stay and an amended habeas petition setting forth all exhausted claims. The Court shall then screen the petition pursuant to the Rules Governing Section 2254 Cases.

5. If Petitioner fails to comply with this Order, the Court will vacate the stay, *nunc pro tunc* to the date of this Order, and dismiss the petition without prejudice for failure to exhaust all claims but with leave to file an amended petition. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). Such dismissal may render the petition untimely in light of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA").

IT IS SO ORDERED.

Dated:   **March 3, 2017**                              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE